IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GARBUTT,

    Petitioner,                  No. CIV S-05-2130 GEB KJM P

    vs.

TOM L. CAREY, Warden,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his 2004 denial of parole on two grounds: (1) his fifth and fourteenth amendment rights were violated when the board denied him parole, which was the primary benefit of his plea agreement; (2) his fifth and fourteenth amendment rights were violated when the board denied him parole even though there is no evidence supporting the conclusion that petitioner is a danger to society.

          Respondent has filed a motion to dismiss, arguing that there is no liberty interest in parole and, accordingly, the denial of parole does not present a federal question, and also that petitioner received all process due to him.

/////

/////

1

I.  <u>Liberty Interest In Parole</u>

Respondent's argument has been foreclosed by <u>Sass v. California Board of Prison Terms</u>, 461 F.3d 1123, 1128 (9th Cir. 2006).

II.  <u>What Process Is Due</u>

Respondent argues that clearly established Supreme Court authority imposes only two requirements on parole proceedings: the state must give the inmate an opportunity to be heard and must inform him of the reasons parole was denied.  Motion To Dismiss at 18-19.  Respondent argues the requirement that the denial of parole be supported by "some evidence" is a matter of Ninth Circuit, not Supreme Court, authority.  <u>Id.</u>; see <u>McQuillion v. Duncan</u>, 306 F.3d 895 (9th Cir. 2002).   This, too, is foreclosed by <u>Sass</u>, 461 F.3d at 1128-1129, which rejected the same argument.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2006.

_____
U.S. MAGISTRATE JUDGE

2/garb2130.157